NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| MIKOS C. SIMMONS,<br><br>     Appellant,<br><br>  v.<br><br>STATE OF ALASKA,<br><br>     Appellee. | Court of Appeals No. A-12147<br>Trial Court No. 3AN-12-654 CR<br><br>O P I N I O N<br><br>No. 2442 — February 13, 2015 |

Bail Appeal from the Superior Court, Third Judicial District, Anchorage, Paul E. Olson, Judge.

Appearances: Vikram N. Chaobal, Anchorage, for the Appellant. Ann B. Black, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard, Judge.

Judge MANNHEIMER.

Mikos C. Simmons asks this Court to review the superior court's refusal to set conditions of bail pending appeal. The State has announced that it does not oppose Simmons's bail release, "so long as appropriate conditions of release are [imposed]". In other words, the parties agree that we should remand this case to the superior court for the setting of bail.

We have concluded that, rather than simply issuing an unpublished order resolving this bail appeal, we should instead employ a published opinion to explain our decision in this case — because our review of the record shows that the superior court's handling of the bail issue departed substantially from the procedures and substantive law that govern post-conviction bail.

Following a jury trial, Simmons was convicted of fourth-degree controlled substance misconduct, and the superior court sentenced him to 42 months' imprisonment with 12 months suspended (*i.e.*, 30 months to serve).

Right after the superior court imposed this sentence, Simmons's attorney asked the court to stay the sentence for 30 days, to give Simmons time to perfect an appeal. The defense attorney pointed out that Simmons had been on bail release (apparently, without incident) for approximately 2 ½ years before sentencing, and the defense attorney also pointed out that Simmons had 30 days to file an appeal. [1]

When the sentencing judge asked the prosecutor for the State's position on Simmons's request, the prosecutor told the judge that he did not oppose the stay.

In response, the sentencing judge declared that "[his] policy has always been that, once a person is sentenced, ... they should be remanded [to custody] and start serving their time." The judge added that "if [a defendant is] entitled to [a] stay of the sentence for whatever reason, then that [stay] should be obtained from the Court of Appeals."

The judge then told the parties that he would grant the requested stay if — and only if — the prosecutor stipulated that Simmons was entitled to bail release under the provisions of AS 12.30.040(a) (the statute that governs post-conviction bail). The prosecutor replied, "I wouldn't say I'm stipulating to it. I'm saying [that] I'm not going to argue [against it]."

---

[1]   *See* Alaska Appellate Rule 204(a)(1).

The prosecutor's answer did not satisfy the sentencing judge, and the judge pressed the prosecutor to declare whether he affirmatively stipulated to Simmons's bail release:

> *The Court*: [to the prosecutor] I want a clear position from you, Counsel. If you've made that agreement with [the defense attorney], and that's what he's depending upon, [then] I'm going with it. Otherwise, [Simmons] is going to be remanded [to custody]. I leave that up to you, and your relationship with [the defense attorney], and what you've agreed.
>
> [A whispered conversation occurs between the attorneys.]
>
> *Prosecutor*: The State does not stipulate to the release.
>
> *The Court*: Then I'm going to have him remanded.

The judge's handling of this matter violated AS 12.30.040(a). Under the provisions of this statute, Simmons is entitled to be released on bail pending appeal if he "establishes, by clear and convincing evidence, that [he] can be released under conditions that will reasonably assure [his] appearance ... and the safety of ... other persons ... and the community."

But rather than listening to Simmons's arguments regarding bail release, the judge declared that he would remand Simmons to custody unless the prosecutor *stipulated* that Simmons should be released on bail. In other words, the judge effectively granted the prosecutor unilateral power to decide whether Simmons should be released or jailed — regardless of the merits of Simmons's arguments in favor of bail release. This was unlawful.

*Conclusion*

The superior court's decision to deny post-conviction bail to Simmons is REVERSED. We direct the superior court to consider, pursuant to the provisions of AS 12.30.040(a), whether one or more conditions of release will assure Simmons's continued appearance and the safety of the public. We further direct the superior court to take into consideration the State's position that bail release is appropriate in this case.